IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTO BARRIENTOS, # 14035462,   Petitioner, | § § § | |
| v. | § § | 3:14-CV-4136-L-BK |
| CRAIG WATKINS, District Attorney's Office,   Respondent. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Dallas County jail inmate proceeding *pro se*, filed a federal habeas corpus petition under 28 U.S.C. § 2254, which was automatically referred to the United States Magistrate Judge.  *See* 28 U.S.C. § 636(b) and *Special Order 3*.  For the reasons that follow, it is recommended that the petition be dismissed for failure to exhaust state court remedies.

On September 17, 2014, Petitioner was convicted of failure to register as a sex offender (enhanced) and was sentenced to seven years' imprisonment.  *See State v. Barrientos*, No. F14-00302 (Crim. Dist. Court No. 3, Dallas County, 2014).  Petitioner confirms that his direct appeal is currently pending.  [Doc. 3 at 3].  In his federal petition, Petitioner challenges his September 2014 conviction and raises other claims related to prior convictions and arrests, which are difficult to decipher.  [Doc. 3 at 2, 6-9].

Insofar as Petitioner challenges his September 2014 conviction, he has not satisfied the exhaustion requirement.  A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims.  *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial

proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Here, a review of the petition and the state courts' docket sheets (available online) confirms that a direct criminal appeal from the September 2014 conviction is presently pending before the Fifth District Court of Appeals at Dallas. *See Barrientos v. State*, No. 05-14-01238-CR. Therefore, the Court of Criminal Appeals has not had an opportunity to consider the claims related to Petitioner's 2014 conviction, and they remain unexhausted.

To the extent Petitioner seeks to challenge his other prior convictions[1] and or raise civil rights claims against the Dallas County District Attorney or other individual or entity, his claims are not cognizable in this action and should, therefore, be dismissed without prejudice to be resubmitted in a new habeas corpus petition and/or complaint.

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus [Doc. 3] be **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28

---

[1] Rule 2(e) of the Rules Governing 2254 Cases states that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."

U.S.C. § 2254(b) and (c).[2]  It is further recommended, that Petitioner's remaining claims, if any, be **DISMISSED WITHOUT PREJUDICE** to their being resubmitted in a new habeas corpus petition and/or a civil rights complaint.  **The Clerk of the Court is directed to provide to Petitioner, with service of this Recommendation, a standard form petition for cases filed under 28 U.S.C. § 2254, a civil rights complaint form, and a form application to proceed in forma pauperis.**

SIGNED November 21, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is cautioned that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court.  Thus, Petitioner should act diligently and expeditiously if he intends to seek habeas corpus relief in both state and federal court.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                */s/ Renee Harris Toliver*
                RENEE HARRIS TOLIVER
                UNITED STATES MAGISTRATE JUDGE