IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ROBERTO BARRIENTOS, #14035462,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:14-CV-4136** |
| § | |
| **CRAIG WATKINS, District Attorney's** § | |
| **Office,** § | |
| Respondent. § | |

# ORDER

The case was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on November 21, 2014, recommending that this action be dismissed without prejudice for failure to exhaust state court remedies and that Petitioner's remaining claims, if any, be dismissed without prejudice and resubmitted in a new habeas corpus petition and/or a civil rights complaint.[1] Plaintiff failed to timely object, as his objection is postmarked for December 23, 2014, and the magistrate judge issued her Report on November 21, 2014. Although Petitioner's objection is untimely, the court will, nevertheless, consider it.

In his objection, Petitioner asserts that he has exhausted his state remedies. Petitioner's objection is without merit, as he provides no affidavit, declaration, or any evidence that he has in fact exhausted his state remedies. Accordingly, the court **overrules** Plaintiff's objection.

---

[1] Petitioner's motion is not a model of clarity. As the magistrate judge points out, "To the extent Petitioner seeks to challenge his other prior convictions and[/]or raise civil rights claims against the Dallas County District Attorney or other individual or entity, his claims are not cognizable in this action." Report 2. Accordingly, the magistrate judge recommends that the court dismiss without prejudice these claims and resubmit them in a new habeas petition. *Id.*

**Order - Page 1**

On January 15, 2015, Petitioner filed his Motion to Appoint Counsel and Motion for 30 Days More to File Appeal/Objection to Findings, Conclusions, and Recommendation (Doc. 11). The court has already considered Petitioner's untimely objection to the Report and **denies as moot** this request. The court declines to grant an additional 30 days with respect to any appeal, as the time to appeal does not begin to run until the court issues judgment. Accordingly, the court **denies** this request. The court also declines to appoint Petitioner counsel and **denies** Petitioner's Motion to Appoint Counsel.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct, **accepts** them as those of the court, and **dismisses without prejudice** this petition for writ of habeas corpus for failure to exhaust state remedies; and **dismisses without prejudice** Petitioner's remaining claims, if any.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, the court will enter judgment by separate document.

**It is so ordered** this 20th day of January, 2015.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge